James E. Goodley
Goodley Law LLC
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
(215) 394-0541
*Counsel for Plaintiff*
*Additional Counsel Listed on Signature page*

## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZHUOER LIU, | CIVIL ACTION |
| *Plaintiff,* | NO. |
| v. | |
| HUNGRYPANDA US, INC. | **JURY TRIAL DEMANDED** |
| *Defendant.* | |

## PLAINTIFF'S ORIGINAL COMPLAINT

## INTRODUCTION

1. This is an action for an award of monetary damages, injunctive relief, attorneys' fees and other relief on behalf of Plaintiff Zhuoer (Audrey) Liu ("Plaintiff"), who has been harmed by Defendant's sex discrimination and retaliation in employment, as well as by its failure to pay overtime wages due.

2. The claims set forth in this complaint arise under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. (**"Title VII"**), the Virginia Human Rights Act, as

amended, Va. Code Ann. § 2.2-3900, et seq. (**"VHRA"**) and the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, set seq. ("**FLSA**").

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367.

4. Pursuant to 28 U.S.C. § 1391, venue lies in this District because a substantial part of the events or omissions giving rise to the claim occurred in this District and because Defendant resides and does business in this District.

## PARTIES

5. Plaintiff Zhuoer (Audrey) Liu is an adult individual who resides in the county of Arlington, Virginia. Pursuant to 29 U.S.C. § 216(b), Plaintiff Liu has consented in writing to being a Plaintiff in this action. *See* Ex. A.

6. Defendant HungryPanda, US, Inc. ("Defendant" or "Hungry Panda") is a Delaware Corporation, with headquarters located within this District.

7. Defendant employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

8. Defendant's annual gross volume of business exceeds $500,000.

9. Defendant is an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA.

## STATEMENT OF FACTS

10. HungryPanda is a London-based food delivery company, which owns and maintains a Mandarin-based app for purposes of delivering food from Chinese restaurants and Asian grocery stores to its United States customers.[1] Defendant is HungryPanda's U.S. affiliate.

11. HungryPanda also employs Marketing Specialists and City Managers to engage in marketing and outreach to expand the company's reach in various metropolitan markets in the U.S.

12. Marketing Specialists and City Managers are managed by Hungry Panda's Regional Managers. For example, those working out of Washington, D.C., New York, NY or Boston, MA offices were supervised by Eastern Regional Manager Jiawei Sun.

13. On or about January 27, 2020, Plaintiff Liu began her employment as a Marketing Specialist at Defendant's Washington, D.C. office (situated in Arlington, Virginia) (the "D.C. Office").

14. Plaintiff Liu was paid $13 per hour for this work, but only for the first 48 hours per week and only at straight time. Although Plaintiff Liu worked approximately 70 hours per week, she was not paid at all for hours in excess of 48, and never received overtime pay at 150% of her regular rate of pay.

---

[1] See https://techcrunch.com/2020/11/30/hungrypanda-raises-70m-for-a-food-delivery-app-aimed-at-overseas-chinese-consumers/ (last accessed 5/19/2021).

15.     As of approximately April 1, 2020, Plaintiff Liu was promoted to City Manager, at which point she began to be paid on a salary basis of $3,500 per month ($42,000 annually), without any benefits and without any overtime compensation.

16.     Until the onset of the COVID-19 pandemic in approximately mid-March 2020, Plaintiff Liu and Regional Manager Sun worked out of Defendant's D.C. office, frequently travelling to colleges, universities and grocery stores in the area to market Hungry Panda's service.

## MR. SUN WAS PLAINTIFF'S SUPERVISOR

17.     At all relevant times, Defendant HungryPanda required Plaintiff to report directly to Regional Manager Sun.

18.     Mr. Sun, for his part, reported directly only to two men, the CEO and COO of HungryPanda. Mr. Sun was at the most senior level of management in HungryPanda's U.S. offices.

19.     Mr. Sun directly gave tasks to Plaintiff. Defendant HungryPanda required Ms. Liu to get approval from Mr. Sun for all tasks she undertook in the course of her duties.

## REGIONAL MANAGER SUN SEXUALLY HARASSES PLAINTIFF LIU

20.     At the direction of Mr. Sun, Plaintiff Liu frequently travelled in the same vehicle as Mr. Sun to local establishments to carry out marketing and related duties.  Mr. Sun gradually began to make unwelcome comments to Plaintiff Liu, calling her "babe," "beautiful" and the like, and rubbing her shoulders against her will.

21.     As of approximately mid-March 2020, with heavy local restrictions on non-essential activities due to the pandemic, Plaintiff Liu and Regional Manager Sun pivoted to performing their work remotely as HungryPanda's office space was obligated to close.

22. Around this time, Regional Manager Sun required Plaintiff Liu to work remotely at his apartment in Arlington, Virginia.

23. Also around this time, Mr. Sun began to make more sexually explicit advances towards Ms. Liu when she was forced to work at his apartment. For example, Mr. Sun frequently made comments about Ms. Liu's body, particularly her breasts.

24. On one occasion in mid-March, Ms. Liu was working at Mr. Sun's apartment when she began to feel ill, coming down with severe fatigue and a fever of 104 degrees.

25. Warning her against going home to her roommates and potentially getting them sick as well, Mr. Sun convinced Ms. Liu to rest on the couch at his apartment until her fever subsided.

26. Over the next forty-eight hours, Ms. Liu was in and out of consciousness. She eventually awoke to find Sun was lying beside her and rubbing her back and shoulders while she was unconscious.

27. Mr. Sun's sexual advances escalated further after this. He requested that she perform oral sex on him, and on multiple occasions touched her breasts and forced her hand onto his crotch.  Plaintiff Liu refused Mr. Sun's requests.

28. After Ms. Liu's refusal to assent to Mr. Sun's sexual advances, he stated several times that he had the power to promote her.

29. On or about April 1, 2020, Mr. Sun entered into a one-month lease of a separate apartment in Ms. Liu's apartment building on another floor.

30. Defendant HungryPanda paid for Mr. Sun's apartment expenses.

31. Mr. Sun continued to require Liu to work in his apartment with him, and the unwelcome conduct (again, repeatedly refused by Liu) continued throughout the entirety of April.

**REGIONAL MANAGER SUN'S HARASSES PLAINTIFF LIU VIA QUID PRO QUO**

32. On or about May 1, 2020, Sun's lease ended and Sun moved to New York, NY and/or Boston, MA, while continuing his role as Eastern Regional Manager and maintaining his role as Plaintiff Liu's supervisor.

33. However, after Sun moved north, he refused to communicate with Plaintiff Liu concerning the essential duties of her job.

34. Defendant HungryPanda required Plaintiff Liu to directly obtain permission, authorization, or approval from Sun in order to carry out basic work tasks.

35. By refusing to respond to Plaintiff Liu's request for him to give required authorizations, Regional Manager Sun prevented her from effectively carrying out her essential job duties.

36. As a result of this, Ms. Liu received poor performance ratings in June 2020 and thereafter.

37. As one example, Defendant employed several Marketing Specialists and other employees in the Washington, D.C. area to work on Ms. Liu's team. However, for these employees to carry out their marketing duties and target particular establishments in the area, Sun needed to provide permission to do so. When Plaintiff Liu requested this permission of Sun, Sun refused to communicate with her. The other employees on her team then complained to Human Resources about Plaintiff Liu, which caused her to receive poor work ratings.

38. Prior to Mr. Sun's move in May, Plaintiff Liu was rated highly by Human Resources and was instrumental to HungryPanda's growth in the Washington, D.C. area.

39. On approximately September 7, 2020, Defendant's Human Resources Officer Chengcheng Huang notified Plaintiff Liu that her employment was terminated "due to personal adjustment" (that is, without a reason given).

40. Plaintiff's termination was a direct and proximate result of her refusal to assent to Regional Manager Sun's sexual requests in March and April.

41. After a reasonable opportunity for further discovery, evidence is likely to show that Regional Manager Sun used his influence in effecting Plaintiff's termination.

42. Plaintiff Liu was horrified and scared by Regional Manager Sun's actions, words, and messages.

43. Fearing that Mr. Sun knew her address, Ms. Liu had to move to a new apartment in August 2020.

44. As a result of these harms, Plaintiff Liu has suffered loss of wages and career opportunities, severe emotional distress, humiliation, loss of self-esteem, and attorneys' fees and costs.

## COUNT I

## TITLE VII: SEX DISCRIMINATION

45. Plaintiff incorporates the preceding paragraphs of this Complaint as if the same were set forth here at length.

46. As described herein, Defendant created a hostile work environment due to Regional Manager Sun's repeated and unwelcome sexual advances.

47. As also described herein, Defendant subjected Plaintiff to quid pro quo harassment by sexually propositioning her with the offer of promotion and later taking action against her when she refused his sexual advances.

48. At all times relevant to this claim, Defendant employed in excess of fifteen employees.

49. On or about January 21, 2021, Plaintiff filed sex discrimination charges against Defendant with the United States Equal Employment Opportunity Commission ("EEOC") under Title VII and cross-filed with the Virginia Division of Human Rights ("VDHR") under the VHRA.

50. On or about May 20, 2021, Plaintiff received a letter from the EEOC saying she now has a right to sue Defendant on her Title VII and VHRA claims.

51. As a direct result of Defendant's sex discrimination, Plaintiff has suffered loss of wages and career opportunities, severe emotional distress, humiliation, loss of self-esteem, and attorneys' fees and costs.

## COUNT II

## VHRA: SEX DISCRIMINATION

52. Plaintiff incorporates the preceding paragraphs of this Complaint as if the same were set forth here at length.

53. As a direct result of Defendant's sex discrimination in violation of the VHRA, Plaintiff has suffered loss of wages and career opportunities, severe emotional distress, humiliation, loss of self-esteem, and attorneys' fees and costs.

## COUNT III

## FLSA: UNPAID OVERTIME

54. Plaintiff incorporates the preceding paragraphs of this Complaint as if the same were set forth here at length.

55. The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which they are employed, not to fall below 1 ½ times the minimum wage. *See* 29 U.S.C. §§ 206(a)(1), 207(a)(1).

56. Defendant is subject to the wage requirements of the FLSA because Defendant is an "employer" under 29 U.S.C. § 203(d).

57. At all relevant times, Defendant is an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

58. During all relevant times, Plaintiff was a covered employee entitled to the above-described FLSA protections. 29 U.S.C. § 203(e).

59. Plaintiff is not exempt from the requirements of the FLSA. Plaintiff is entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek. 29 U.S.C. § 207(a)(1).

60. Defendant's compensation scheme applicable to Plaintiff failed to comply with 29 U.S.C. § 207(a)(1).

61. Defendant knowingly failed to compensate Plaintiff at a rate of one and one half (1 ½) times her regular hourly wage for hours worked in excess of forty (40) hours per week, 29 U.S.C. § 207(a)(1).

62. Defendant also failed to make, keep, and preserve records with respect to Plaintiff sufficient to determine her wages, hours, and other conditions of employment in violation of the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c).

63. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

64. Pursuant to 29 U.S.C. §216(b), employers such as Defendant, who intentionally fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for unpaid wages, liquidated damages, court costs and attorneys' fees incurred in recovering unpaid wages.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff demands judgment against Defendant and seeks the following relief:

(a) Economic and compensatory damages, including but not limited to damages for lost wages, damage to career and earning capacity, pain and suffering, psychological injury, and emotional distress;

(b) an award to reflect negative tax consequences of a lump sum jury award;

(c) punitive damages;

(d) unpaid overtime wages;

(e) liquidated damages;

(f) attorneys' fees, interest, and costs of legal action;

(g) such other relief as the Court may deem equitable and just.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all issues of fact.

Dated: June 28, 2021

Respectfully Submitted,

/s/ James E. Goodley
James E. Goodley (NY Reg. No. 5724083)
GOODLEY LAW LLC
One Liberty Place
1650 Market Street, Suite 3600

Philadelphia, PA 19103
Telephone: (215) 394-0541
james@goodleylaw.net

Jeremy C. Rosenbaum*
(NY Reg. No. 5049267)
THE LAW OFFICES OF
JEREMY C. ROSENBAUM
261 Old York Road, Suite 302A
Jenkintown, PA 19046
Telephone: (267) 625-8600
Facsimile: (215) 346-5108
JCR@JeremyRosenbaum.com

*Attorneys for Plaintiff*

*\* Application for Admission Forthcoming*